ELLIS, Judge:
This is an adoption proceeding, in which Alvin W. Pierce and Vicki Ann Pierce are seeking to adopt Jennifer Lynn Levine. Jennifer is the daughter of Harry Levine and Barbara Ann Ferguson Levine, and was born in Galena Park, Texas, on August 4, 1975. Mrs. Levine died in January, 1979, and on April 21, 1979, Mr. Levine signed a document entitled “Voluntary Surrender of Custody” by virtue of which he surrendered custody of Jennifer to Mr. and Mrs. Pierce, and consented to her adoption.
This proceeding was instituted on May 31, 1979, and an attorney at law was appointed to represent Mr. Levine, who is a resident of Texas. Apparently, after being notified of the proceeding, Mr. Levine advised Mr. and Mrs. Pierce that he was withdrawing his consent to the adoption and was coming to get his daughter. On July 6, 1979, Mr. and Mrs. Pierce obtained, ex parte, a temporary restraining order, prohibiting Mr. Levine from interfering with their custody of Jennifer or taking her from their home. A rule for a preliminary injunction was heard on July 16, 1979. Mr. Levine filed a “Special Appearance” alleging lack of jurisdiction of the court over him, and filing a decree of the district court of Harris County, Texas, dated July 13, 1979, by virtue of which Norma Lee Levine, Mr. Levine’s mother, was appointed “Managing Conservator” of Jennifer and Mr. Levine was appointed “Possessory Conservator.” He prayed for dismissal of the case.
After the hearing, an order was signed granting temporary custody of Jennifer to Mr. and Mrs. Pierce, and fixing a hearing on the interlocutory decree of adoption for August 29, 1979. The court also ordered a Welfare Department investigation of the homes of Norma Lee Levine and Harry Levine. On August 6th, the matter was continued until October 5, 1979, on the ex parte motion of Mr. and Mrs. Pierce.
On August 16, 1979, Norma Lee Levine filed a petition for a writ of habeas corpus, seeking custody of Jennifer, alleging herself to have custody under the Harris County decree mentioned above. The application was denied on August 31,1979, and Mr. and Mrs. Pierce were maintained in their temporary custody.
On September 25, 1979, a second application for a writ of habeas corpus was filed, this time by Norma Lee Levine and Harry Levine, alleging the same Texas judgment as authority. This application was denied by the trial judge, sua sponte, without a hearing.
On October 12,1979, Harry Levine filed a third application for a writ of habeas corpus, which was again denied, sua sponte, by the district judge, without a hearing.
On October 23, 1979, an adoption decree was signed in the district court of Harris County, Texas, by virtue of which Jennifer was adopted by Norma Lee Levine, her grandmother.
The case came up on a hearing on the interlocutory decree on November 30, 1979, at which time counsel argued, but apparently no evidence was heard. Briefs were ordered filed and reports from the States of Louisiana and Texas were requested by the Court.
The matter came on for hearing on January 18, 1980, at which time evidence was heard. After the hearing, the court rendered an interlocutory decree of adoption in *278 favor of Mr. and Mrs. Pierce. From that decree Harry Levine and Norma Lee Levine have appealed.
The evidence in the case does not establish any degree of unfitness on the part of Mr. Levine, or of his mother, to have the custody of Jennifer. It is likewise clear that the original consent to the adoption of Jennifer by Mr. and Mrs. Pierce was withdrawn, prior to the rendition of the interlocutory decree herein rendered.
It is clear that, prior to the enactment of Act 686 of 1979 (R.S. 9:422.3-422.12), an interlocutory decree of adoption could not issue in cases in which the natural parents had not consented, or had revoked their consent, to the adoption. Moreland v. Craft, 244 So.2d 37 (La.App. 3rd Cir. 1971). Since both the voluntary surrender and the notarial revocation thereof in this case were exécuted prior to September 7, 1979, the effective date of Act 686, that statute can have no bearing on this ease, even though the trial and the judgment took place thereafter.
In this case, Mr. Levine has neither lost nor forfeited his parental right to the child Jennifer Lynn by abandonment, surrender or failure to support under a court order. R.S. 9:402, 403, 422.1. He has timely revoked the consent which he executed in April, 1979, by a notarial revocation dated July 26, 1979, and filed in the record of this case on August 31, 1979. He has actively opposed the adoption from the inception of the case. Under those circumstances, the interlocutory decree was improvidently granted by the trial judge.
The judgment appealed from is therefore reversed and set aside, and there will be judgment herein dismissing the adoption proceeding filed by Alvin W. Pierce and Vicki Ann Pierce, and ordering that the child, Jennifer Lynn Levine, be returned to the custody of Harry Levine and Norma Lee Levine. All costs shall be paid by Alvin W. Pierce and Vicki Ann Pierce.
REVERSED AND RENDERED.